IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REGINALD DARRELL TAYLOR,                )  <br>         Plaintiff,                    )  <br>vs.                                      )     No. 3:21-CV-999-D-BH  <br>                                         )  <br>EL CENTRO COLLEGE, et al.,               )  <br>         Defendants.                    )  | |

### MEMORANDUM OPINION AND ORDER

By order of reference dated February 22, 2022, before the Court for determination is *Plaintiff's Motion for Leave to File a Motion for Alternative/Substitute Service of Summons,* filed on February 22, 2022 (doc. 54), which has been construed as "a motion for alternative/substitute service of summons." (*See* doc. 55.)  Based on the relevant filings and applicable law, the motion is **DENIED**.

### I.  BACKGROUND

In June 2019, Reginald Darrell Taylor (Plaintiff) was denied entry into the El Centro College building. (*See* doc. 3.) On May 3, 2021, he filed this civil rights action against Dallas College, Dallas Campus Police, El Centro College, its President, its Chancellor, Dallas County Community College District, four campus police officers, and Allied University. (*See id.*)  Although he initially sought and received leave to proceed *in forma pauperis*, he subsequently paid the filing fee and requested summonses for the defendants. (*See* docs. 4, 5, 8-9.)  He filed proof of service and/or waivers of service for all of the defendants except Allied University. (*See* docs. 10-20.)

On September 13, 2021, all of the defendants who had been served and/or had waived service moved to dismiss Plaintiff's claims against them. (*See* docs. 21, 22.)  On October 5, 2021, the Court ordered Plaintiff to show good cause for his failure to serve Allied University, and after he failed to do so, his claims against it were dismissed without prejudice on October 28, 2021.  (*See*

docs. 30, 35, 36.) On January 10, 2022, the Court granted the remaining defendants' motions to dismiss for failure to state a claim, but afforded Plaintiff an opportunity to file an amended complaint within 28 days. (*See* doc. 49.) He filed his amended complaint 30 days later, on February 15, 2022. (*See* doc. 50.) It asserts claims against all of the defendants named in his original complaint except Allied University, and it also names Allied Universal Security Services, United Educators, and QBE Specialty Insurance Company, as defendants for the first time. (*See id.*)

Plaintiff seeks alternate or substituted service on all defendants on grounds that some of them previously refused service of summons for the original complaint, and he contends that "service of summons should be executed through untraditional means," including "fax, email, social media, and any other method approved by the Court." (*See* doc. 54 at 2; doc. 54-1 at 2.)

## II. DEFENDANTS WHO HAVE APPEARED

Plaintiffs have the burden to ensure that defendants are properly served with summons and a copy of the original complaint under Rule 4(c)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(c)(1). After a party has been served with the initial pleading and has appeared, however, service of subsequent pleadings on that party is proper under Rule 5(a). *Fluor Engineers and Constructors, Inc. v. Southern Pacific Transp. Co.*, 753 F.2d 444, 449 & n. 7 (5th Cir. 1985) (explaining that the purpose of Rule 5 is "to facilitate the pleadings process by permitting service on attorneys of record rather than the individual litigants once the parties are before the court."). Accordingly, personal service of the summons and complaint is not required in order to serve an amended complaint on parties who have already appeared in the litigation. *See id.*; *see also Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 995–96, 999 (9th Cir.2007)(finding that Rule 5 permits service of an amended complaint without personal service of the summons and

complaint on defendants who were properly served with the original complaint and have appeared); *Ware v. Gary Community School Corp.*, No. 2:15-CV-42-PRC, 2015 WL 6756870, at *5 (N.D. Ind. Nov. 4, 2015)(finding that no summons is required for service of an amended pleading on parties who have been served with the initial pleading under Rule 4) (citing Fed. R. Civ. P. 5(a)(1)(B)); *Handshoe v. Abel*, No. 1:14-cv-159-KS-MTP, 2015 WL 12915568, at *2 (S.D. Miss. Sept. 14, 2015) ("Rule 5 permits service of an amended complaint [on] an existing defendant, without personal service of the summons and complaint, if the defendant previously appeared in the action.").

Contrary to Plaintiff's claim that some of the defendants refused service of summons, the docket reflects that all of the defendants named in the original complaint, except Allied University, waived service of process. Personal service of summons and the amended complaint is not required for these defendants who have been properly served under Rule 4 and who have already appeared. Under Rule 5, they were actually served with the amended complaint when Plaintiff filed it using the Court's electronic filing system. Notwithstanding Plaintiff's failure to meet his burden to show that substituted service is appropriate, as discussed below, substituted service on these defendants is also unnecessary.

## II. ALL DEFENDANTS

As noted, Plaintiff named three new corporate defendants in his amended complaint, and he seeks leave to serve all defendants by nontraditional means, including "fax, email, social media, and any other method approved by the Court."

A corporation, partnership or association may be served in the same manner as an individual, or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process. FED. R. CIV. P.

3

4(h)(1). When the defendant is an individual, Fed. R. Civ. P. 4(e)(2) allows service to be effected by delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

Rule 4(e) also allows for service on an individual by following the law of the state in which the district court is located or where the defendant is served. Fed. R. Civ. P. 4(e)(1). Texas law provides for service by delivering to the defendant in person, or by mailing to defendant by registered or certified mail, return receipt requested, a copy of the citation and a copy of the petition. Tex. R. Civ. P. 106(a). Upon motion supported by sworn statement, the court may authorize service (1) by leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit, or (2) in any other manner the court finds will be reasonably effective to give notice based on the affidavit and other evidence, "including electronically by *social media, email, or other technology*." *See* Tex. R. Civ. P. 106(b) (*emphasis added*). The supporting statement must state "any location where the defendant can probably be found" and the specific facts showing that traditional service has been attempted but unsuccessful. *See* Tex. R. Civ. P. 106(b). Substituted service may authorized only if the supporting affidavit "'strictly complies'" with Texas Rule 106(b)'s requirements. *Cunningham v. Nationwide Security Solutions, Inc.*, No. 3:17-cv-337-S-BN, 2018 WL 5722670, at *3 (N.D. Tex. June 29, 2018) (quoting *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990))).

As noted, the Texas rules now specifically allow substituted service by the methods that

4

Plaintiff seeks to use, including social media, email or other technology, if a plaintiff has shown that traditional service has been attempted but unsuccessful. *See* Tex. R. Civ. P. 106(b). In addition, federal district courts in Texas have considered federal Rule 4(e) and Texas Rule 106(b) together in allowing substituted service by regular first class mail. *See FCCI Ins. Co. v. Marine Tech Serv.*, No. 4:20-cv-2716, 2020 WL 7647183, at *2 (S.D. Tex. Dec. 8, 2020) (noting that the court had authorized the plaintiff to serve the defendants by regular first class mail); *James Avery Craftsman, Inc. v. Sam Moon Trading Enterprises, Ltd.*, No. SA-16-cv-00463-OLG, 2018 WL 46888778, at *2 (W.D. Tex. July 5, 2018) (noting that the court had authorized substituted service by regular mail and email); *Mockingbird Dental Group., P.C. v. Carnegie*, No. 4:15-CV-404-A, 2015 WL 4231746, at *1-2 (N.D. Tex. July 10, 2015) (authorizing substituted service by regular U.S. mail but denying service by email under the prior version of Tex. R. Civ. P. 106(b), which did not expressly provide for service by electronic means).

Here, Plaintiff has not provided any supporting affidavit that attests to his unsuccessful attempts to serve the summons and amended complaint on any of the defendants that strictly complies with the requirements in Texas Rule 106(b). He has not met his burden to show that substituted service is appropriate as to any defendant.

### III. CONCLUSION

The plaintiff's motion for substituted service is **DENIED**.

**SO ORDERED this 25th day of February, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5