IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD DARREL TAYLOR, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:21-CV-0999-D |
| | § | |
| VS. | § | |
| | § | |
| EL CENTRO COLLEGE, et. al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Reginald Darrel Taylor ("Taylor") moves under Fed. R. Civ. P. 60(b)[1] to reopen this case after he previously voluntarily dismissed all defendants. Defendants El Centro College, Dallas County Community College District, Dallas College, Dallas Campus Police, Lieutenant Byron Stewart, Captain Smith, Officer Guerro, Officer Valdez, Chancellor Joe May, and President Jose Adames (collectively, "defendants") oppose the motion. For the reasons the follow, the court denies the motion.

---

[1] In his reply brief, Taylor also contends that he is entitled to relief under Rule 59, but motions under Rule 59 must be filed within 28 days after the entry of judgment. *See* Rule 59(b), (d), and (e). The electronic order in which the court directed that the clerk of court treat Taylor's April 7, 2022 notice of dismissal without prejudice for all defendants as a Rule 41(a)(1)(A)(i) notice of dismissal without prejudice of all remaining defendants was entered on April 8, 2022, and Taylor filed the instant motion on May 18, 2022. Because Taylor filed his motion more than 28 days after the order was entered, the court only considers his motion under Rule 60.

I

The court assumes the parties' familiarity with its prior memorandum opinion and order in this case, *see Taylor v. El Centro College*, 2022 WL 102611, at *2-3 (N.D. Tex. Jan. 10, 2022) (Fitzwater, J.), and recounts the factual and procedural history only as is necessary to understand this decision.

Taylor, an African-American male, is a 2016 graduate of what is now the El Centro campus of Dallas College. According to Taylor, when he returned to the El Centro campus on June 26, 2019 to use the library to make photocopies, he was denied access based, *inter alia*, on his race and gender. On December 13, 2019 Taylor again attempted to enter the El Centro library, but was refused access.

Taylor filed this suit on May 3, 2021, alleging, *inter alia*, claims under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments, the Federal Trade Commission Act, Titles VI, VII, and IX of the Civil Rights Act, and state law. On April 6, 2022 Taylor filed an "Emergency Notice to the Court Requesting Voluntary Dismissal," in which he posited that he had erroneously served United Educators Association instead of United Educators and requested that the court dismiss his case without prejudice. On April 7, 2022 the court entered an order treating Taylor's notice as a notice of dismissal of defendant United Educators under Rule 41(a)(1)(A)(i). The order stated that if Taylor intended to dismiss other defendants in addition to United Educators he must file a separate notice. That same day, Taylor filed a "Second Emergency Notice to the Court Requesting Voluntary Dismissal" in which he confirmed that he sought dismissal without prejudice as

- 2 -

to all defendants. On April 8, 2022 the court directed the clerk of court to close this case on the basis that Taylor had voluntarily noticed the dismissal without prejudice of all remaining defendants. *See supra* note 1. On April 22, 2022 Taylor filed an "Amended/Corrected Complaint." The court issued an order notifying Taylor that this filing had no effect because the case had not been reopened and ordering the clerk of court to strike Taylor's pleading. On May 18, 2022 Taylor filed the instant motion to reinstate and reopen this case under Rule 60(b). Defendants oppose the motion, which the court is deciding on the briefs.

II

"[A] Rule 41(a)(1)(A) voluntary dismissal without prejudice qualifies as a 'final proceeding[,]'" and "is subject to vacatur under Rule 60(b)." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362-63 (5th Cir. 2013). Rule 60(b) provides that a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Rule 60(b)(1)-(5). The court can also set aside a judgment for "any other reason that justifies relief." Rule 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)).

The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion

- 3 -

of the court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam).

### III

Although it is somewhat unclear what grounds Taylor relies on in his motion to reopen, he seems to argue that the court should reinstate this case due to excusable mistakes or misinterpretations, the discovery of new evidence, misconduct of an adverse party, and extraordinary circumstances.

### A

To the extent Taylor argues that the court should reopen this case due to "excusable mistakes or misinterpretations," the court concludes that he has not demonstrated that he is entitled to relief under Rule 60(b)(1).

Taylor does not provide any explanation of the mistake or neglect that resulted in his voluntary dismissal of this case. And the record reflects that Taylor made a deliberate choice to voluntarily dismiss all defendants after the court alerted him that he had only noticed the dismissal of United Educators. In its April 7, 2022 order the court stated that, if plaintiff intended by his notice to dismiss defendants in addition to United Educators, he must file a separate notice (if Rule 41(a)(1)(A)(i) applied to a party to be dismissed) or motion (if Rule 41(a)(2) applied to a party to be dismissed).

Rule 60(b)(1) "was not intended to relieve [a party] of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise."

*Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418 (5th Cir. 2018) (alteration in original) (quoting *Fed.'s Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977)); *see also In re Pettle*, 410 F.3d 189, 193 (5th Cir. 2005) ("Where a party makes a considered choice . . . he cannot be relieved of such a choice [under Rule 60(b)] because hindsight seems to indicate to him that, as it turns out his decision was probably wrong." (alteration in original) (internal quotation marks omitted) (quoting *Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 6 (1st Cir. 2001))). And the fact that Taylor is proceeding *pro se* does not entitle him to relief under Rule 60(b)(1). *See Vafaiyan v. City of Wichita Falls*, 398 Fed. Appx. 989, 990 (5th Cir. 2010) (per curiam) ("Even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." (citations omitted)). Thus even liberally construing Taylor's argument as positing that he did not understand the consequences of his decision to voluntarily dismiss this action, Taylor has not met his burden to demonstrate that he is entitled to relief under Rule 60(b)(1).

B

Taylor contends that this case should be reopened under Rule 60(b)(2) because he has newly discovered evidence consisting of four previously unidentified witnesses. He maintains that two witnesses were employees at the El Centro campus who saw the allegedly discriminatory treatment of Taylor and were terminated due to their association with him. He posits that a third witness has agreed to communicate his version of the alleged discriminatory events, and that the fourth witness helped Taylor obtain unspecified evidence from an account that he was previously unable to access. Defendants respond that Taylor has

not met his burden under Rule 60(b)(2) because he has failed to describe his diligence in obtaining this evidence and he does not provide any explanation as to how the information the witnesses allegedly possess would change the outcome of this case.

To succeed on a Rule 60(b)(2) motion for relief from judgment based on newly discovered evidence, "a movant must demonstrate: (1) that [he] exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)). "The movant must strictly satisfy these requirements." *Nat'l City Golf Fin.*, 899 F.3d at 418 (quotation omitted).

Taylor has not met his burden under Rule 60(b)(2). He has not demonstrated that he exercised due diligence in obtaining the newly discovered evidence. His only specific contention related to his diligence is that he unexpectedly encountered one anonymous witness and was himself surprised by the encounter, but this does not demonstrate that he exercised due diligence or explain why he could not have attempted to contact this witness or any of the other witnesses before his case was dismissed. Moreover, Taylor has not sufficiently explained what information he obtained from these witnesses; thus he has not demonstrated how the information provided by the anonymous witnesses is material and controlling and clearly would have produced a different result in this case.

C

Taylor contends that he is entitled to have this case reopened under Rule 60(b)(3) because of the misconduct of defendants. He maintains that defendants misrepresented that they held no position as to his motion for Rule 41(a)(1)(A)(i) voluntary dismissal, but later responded that they were opposed.[2]

A party making a Rule 60(b)(3) motion must establish by "clear and convincing evidence (1) 'that the adverse party engaged in fraud or other misconduct' and (2) 'that this misconduct prevented the moving party from fully and fairly presenting his case.'" *Id.* at 418-19 (quoting *Hesling*, 396 F.3d at 641).

Taylor has failed to demonstrate either that defendants engaged in fraud or other misconduct or that the misconduct prevented Taylor from fully and fairly presenting his case. The email messages between Taylor and defendants clearly state that defendants took no position on the merits of Taylor's motion for voluntary dismissal only if the purpose of the motion was "to merely inform the Court that you have served the wrong entity . . . ." P. App. 2. And defendants requested that "[i]f [the motion] serves some other purpose, please explain so we may provide an informed response." *Id.* There is no evidence in the record

---

[2]To the extent Taylor argues that defendants' alleged misrepresentation of their potential opposition to his motion for voluntary dismissal rendered the order dismissing this case void, the court disagrees. The Fifth Circuit has recognized two circumstances in which a district court's judgment may be set aside under Rule 60(b)(4) as void: (1) if the district court lacked subject matter or personal jurisdiction over the case, or (2) if the district court acted in a manner contrary to due process. *See Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015). Because neither circumstance is present in this case, Taylor has failed to demonstrate that he is entitled to relief under Rule 60(b)(4).

that defendants misrepresented their position as to Taylor's motion for voluntary dismissal. Moreover, Taylor has not demonstrated how any misrepresentation regarding defendants' potential opposition to his motion prevented him from fully and fairly presenting his case given that he was the party seeking voluntary dismissal.

D

Finally, Taylor has failed to show extraordinary circumstances that would entitle him to relief under Rule 60(b)(6).

Rule 60(b)(6) is "mutually exclusive" with Rule 60(b)'s other clauses and extends relief only in "extraordinary circumstances . . . ." *Hess*, 281 F.3d at 215-16 (quotation omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005) ("Rule 60(b)(6) . . . permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." (second alteration in original) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.10 (1988))). "Accordingly, Rule 60(b)(6) requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.'" *Yesh Music*, 727 F.3d at 363 (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993)).

Taylor fails to allege any extraordinary circumstances that would entitle him to relief under Rule 60(b)(6). He appears to contend that the court should have appointed counsel or otherwise intervened to prevent him from dismissing this case due to "numerous extenuating circumstances, [including] natural disasters, COVID-19, and deaths of family members . . . ."

P. Br. 7 n.10. The fact that Taylor is proceeding *pro se* is not an extraordinary circumstance. *See Provident Sav. Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995) (concluding that plaintiff's *pro se* status did not "rise to the level of an extraordinary circumstance entitling him to relief under Rule 60(b)(6)"); *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir.1986) (holding that *pro se* status, limited education, and ignorance of legal rights did not satisfy requirements for Rule 60(b)(6) relief). And Taylor does not otherwise explain or provide information concerning how, if at all, these circumstances contributed to his decision to voluntarily dismiss this case, first as to United Educators alone and then as to all defendants. *See Hale-Wells v. Wells Fargo Servs.*, 2006 WL 3044460, at *3 (S.D. Tex. Oct. 19, 2006) (Rosenthal, J.) (denying Rule 60(b)(6) motion because plaintiff failed to provide information or evidence about alleged illness that would support an extraordinary circumstances finding).

Moreover, as the court has explained, the record reflects that Taylor clearly intended to voluntarily dismiss all defendants in this case, and Rule 60(b)(6) is not designed to relieve a party from the consequences of his deliberate choice. *See Yesh Music*, 727 F.3d at 363. The court therefore concludes that Taylor is not entitled to relief under Rule 60(b)(6), or any of Rule 60(b)'s subsections, and denies his motion to reopen and reinstate this case.

\* \* \*

For the reasons explained, the court denies Taylor's motion to reopen this case under Rule 60(b).

**SO ORDERED**.

July 11, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE